GARVIN, APPELLANT, *v.* GILES, ADMR., ET AL., APPELLEES.

[Cite as Garvin v. Giles (1977), 55 Ohio App. 2d 1.]

(No. L-77-029—Decided June 24, 1977.)

*Mr. Merritt W. Green, Sr.,* for appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Jerry Arthur Jewett,* for appellees.

WILEY, J. This is an appeal from a decision of the Court of Common Pleas of Lucas County affirming a de-

cision of the Board of Review, Ohio Bureau of Employment Services, denying plaintiff unemployment compensation.

Plaintiff Kathleen A. Garvin was a non-union employee of the LaSalle and Koch Company from 1940 to January 1976. When she joined the company, the mandatory retirement age was 70. This limit was unilaterally lowered to 67 in 1944, and to 65 in 1970. Plaintiff had notice of these rule changes but never formally agreed to them.

Plaintiff celebrated her 65th birthday in November 1975, and was forced into retirement in January 1976. At the time of her termination, she became eligible for a monthly pension of $131.25. Considering her retirement involuntary, plaintiff filed a claim for unemployment benefits with the Bureau of Employment Services. The Defendant Administrator of the Bureau disallowed plaintiff's application, citing the restrictions of R. C. 4141.29(D)(2)(a). That statute provides:

"(D) Notwithstanding division (A) of this section, no individual may serve a waiting period or be paid benefits under the following conditions: * * *

"(2) For the duration of his unemployment if the administrator finds that:

"(a) He quit work without just cause or has been discharged for just cause in connection with his work, * * * "

A referee from the Bureau's Board of Review upheld defendant's decision and the Court of Common Pleas affirmed. From that judgment plaintiff now appeals.

Plaintiff presents three assignments of error, to wit:

"(1) The finding that Appellant was discharged with just cause is contrary to law and against the weight of the evidence;

"(2) Mandatory retirement because of age, not as a result of a labor-management contract, is contrary to law;

"(3) The decision of the Board of Review was unlawful, unreasonable and against the manifest weight of the evidence in affirming the decision of the Administrator

that discharge, because the Appellant reached the age of 65, was for just cause in connection with work.''

Further, plaintiff states that the essential issue before this court is:

''Is it just cause to discharge a person in connection with work only because he or she becomes 65 years of age?''

Since both plaintiff and defendant have addressed themselves to the holding in *May Co.* v. *Bd. of Review* (1975), 49 Ohio App. 2d. 21, we will discuss it at this time.

We note that many of the relevant facts in *May* are strikingly similar to those in the case *sub judice*: Employee Michael George joined the May Company prior to the institution of a mandatory 65-year retirement policy; he did not ratify this policy change; he made no contribution to the pension plan; he was not a union member; he was retired at age 65; he was entitled to a pension; he applied for unemployment compensation.

However, we find several facts which distinguish the respective situations of employee Michael George and the plaintiff herein, and it is these facts which we consider pivotal to a resolution of the issue before us.

Michael George was entitled to a monthly pension in excess of the amount he would have received from unemployment. Plaintiff Garvin is entitled to only $131.25 in monthly pension benefits, far less than that which would be allowed in unemployment compensation.

Further, George received notice of the 65-year mandatory age requirement in 1961, only 3 years after commencing employment with the company. He was 53 years of age and chose to work an additional 12 years for the same employer. Plaintiff Garvin had notice of the 67th-year retirement rule from 1944 until 1970. Then, after plaintiff had worked for 30 years, assuming that she would be employed until age 67, her employer unilaterally lowered the age limit to 65. Having reached her sixtieth year, plaintiff's opportunities for alternative employment were necessarily limited.

Thus, Michael George had notice of May Company's

retirement rule for 12 of the 15 years of his employment, while plaintiff Kathleen Garvin had notice of LaSalle's 65th-year retirement rule for only 5 of the 35 years of her employment. Given plaintiff's long tenure with the LaSalle and Koch Co., and the relatively short time period between the retirement rule change and her retirement, we conclude that plaintiff was not "discharged for just cause" as that term is used in R. C. 4141.29(D)(2)(a).

We hold that when a non-union employee is terminated by her employer, pursuant to a unilaterally enacted mandatory retirement rule instituted in the thirtieth year of that employee's tenure, such termination is not a "discharge for just cause" within the meaning of R. C. 4141.-29(D)(2)(a).

We note that any unemployment benefits to which plaintiff is entitled will be reduced by the amount of her monthly pension benefits, pursuant to R. C. 4141.31.

The lower court erred in affirming the decision of the Administrator of the Bureau of Employment Services. Plaintiff's assignments of error are well taken to this extent.

On consideration whereof, this court finds that substantial justice has not been done the party complaining. The judgment of the Lucas County Court of Common pleas is reversed.

*Judgment reversed.*

BROWN and CONNORS, JJ., concur.

WILEY, J., retired, was assigned to active duty under authority of Section 6(C), Article IV, Constitution.